**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1020**

JUAN CARLOS LOPEZ,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A99-378-387)

Submitted: August 31, 2007        Decided: September 13, 2007

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Lopez, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's order of removal. On appeal, Lopez raises only one issue: that 8 C.F.R. § 245a.2(e) (2007), which provides that an application for legalization under 8 U.S.C.A. § 1255a (West 2005 & Supp. 2007) must be filed with the U.S. Citizenship and Immigration Service ("CIS"), with review to an Administrative Appeals Unit, rather than with an immigration judge, deprives him of his constitutional rights of due process of law.

"The Attorney General enjoys broad powers with respect to 'the administration and enforcement of [the Immigration and Nationality Act] and all other laws relating to the immigration and naturalization of aliens.'" Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 279 (4th Cir. 2004) (quoting 8 U.S.C. § 1103(a)(3) (2000)). Aliens have only those rights that Congress, and the Attorney General as guided by the applicable statutes, elect to provide them. Id. at 280. Here, the governing regulations place jurisdiction over legalization applications with the CIS, 8 C.F.R. § 245a.2(e), with a single level of appeal in the Administrative Appeals Unit. 8 C.F.R. § 245a.2(p). The Immigration Court and the Board have no jurisdiction to assess a legalization application or review its denial. Matter of Singh, 21 I. & N. Dec. 427, 433

- 2 -

(B.I.A. 1996). Lopez was provided with the proper procedures; therefore, he has received all the process he was due. See Orquera v. Ashcroft, 357 F.3d 413, 426 (4th Cir. 2003). ("To state a due process claim, the [alien] must first demonstrate that [he] ha[s] a protected interest and [he] ha[s] such an interest only as set out in [the Immigration Reform and Control Act of 1986] and [8 C.F.R.] § 245a.2[]").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED